IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-57 |
| | ) | |
| JACK K. BUNCH, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Government's Motion to Quash Subpoenas [Doc. 25], filed on September 30, 2009, and referred [Doc. 27] to the undersigned on October 1, 2009. See 28 U.S.C. § 636(b). The Government seeks to quash two trial subpoenas served by the Defendant on two employees of the Knoxville Police Department (KPD), Officer Phil Jinks and the KPD Custodian of Records. The subpoena to the records custodian asks him or her to bring the following documents, electronically stored information, or objects:

> "Any and all information concerning Sean E. Charles, DOB 05/21/1973 including but not limited to informant files, all pending cases, any and all cases including undercover purchases of narcotics, firearms and/or stolen property from Mr. Charles including cases that will not be prosecuted, any and all information contained in computer data bases maintained by the Knoxville Police Department, including data bases maintained by the Organized Crime Unit and/or the Repeat Offender Unit, any personal notes related to Mr. Charles in possession of officers of the Organized Crime Unit and/or the Repeat Offender Unit." [Doc. 25-1].

"A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant." United States v. Justice, 14 F. App'x 426, 433 (6th Cir. 2001) (citing Bowman Dairy

1

Co. v. U.S., 341 U.S. 214, 220 n. 5 (1951) and United States v. Kalter, 5 F.3d 1166, 1169 (8th Cir. 1993)). "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

The Government objects to the subpoenas on three main grounds: (1) they seek testimony and materials that are confidential and/or irrelevant; (2) the materials subpoenaed are not discoverable under Rule 16, Fed. R. Crim. P.; and (3) the materials subpoenaed are in violation of Rule 17(c), Fed. R. Crim. P. The Defendant responds that the Government's motion to quash was not timely filed, that the materials and testimony sought by the challenged subpoenas are admissible evidence that goes to the "core issue" of witness and agency credibility, and that the subpoenas are compliant with Rule 17, Fed. R. Crim. P., as they do not seek the production of anything *in advance* of trial. [Doc. 28].

**A.     Procedural problems with the Government's motion to quash**

*(1) Timeliness*

The Defendant correctly points out that the Government's motion was filed after the expiration of the deadline for the filing of motions in limine in this case. The final Pretrial Order entered on September 15, 2009 states that "all motions in limine must be filed at least five (5) working days before trial." [Doc. 23 at 2]. The Government's motion was filed on September 30, 2009, just three full working days before the trial date of October 6, 2009. The Government did not seek prior leave of the Court to file its motion and the motion is therefore untimely. Further, the Defendant asserts that no good reason justifies the Government's untimeliness because "on information and belief, the Government became aware of the subpoenas on the very day [they] were served," September, 21, 2009, and therefore had ample time to file its motion to quash before the

2

motion in limine deadline of September 28, 2009. [Doc. 28 at 2]. Despite its finding that the Government's motion is untimely, the Court will address the merits so as to inform the parties' trial preparation to the maximum extent possible.

*(2) Standing to object to a subpoena duces tecum*

The Court has previously expressed some doubt that the government may bring a motion to quash a criminal defendant's subpoena duces tecum. See United States v. Martin, No. 3:07-CR-51, [Doc. 433-1 at 8] (E.D. Tenn. December 23, 2007) (J. Shirley) (denying the government's motion to quash the defendant's subpoenas duces tecum seeking the production of telephone records from cellular telephone service providers and finding that the providers themselves, and not the government, should have moved to quash the subpoenas if they found them unreasonable or oppressive). The Advisory Committee Notes to Rule 17(c), Fed. R. Crim. P., state that the rule is "substantially the same as 45(b) of the Federal Rules of Criminal Procedure." Id. "The thrust of Rule 45, Fed. R. Civ. P., which was reorganized and expanded in the 1991 amendment, with regard to motions to quash is to protect the person or entity subject to the subpoena." Id. (citing Fed. R. Civ. P. 45(c)(3)). The Court of Appeals for the Sixth Circuit has likewise questioned whether a party to a criminal case has standing to move to quash the opposing party's Rule 17 subpoena. See United States v. Compton, Nos. 93-1649, 93-1712, 1994 WL 328303, *3 (6th Cir. July 1, 1994) (noting that the universities subject to the subpoenas should have been the entities to challenge the subpoenas as unreasonably burdensome); see also United States v. Justice, No. 00-1075, 2001 WL 820902, *6 n.2 (6th Cir. June 25, 2001) (citing Compton as questioning whether a party, here the defendant, had standing to challenge a Rule 17(c) subpoena to a third party). C.f., United States v.

3

Hughes, 895 F.2d 1135, 1145-46 (6th Cir. 1990) (analyzing the government's attack on defendant's Rule 17(c) subpoena without addressing whether the government had standing to move to quash it).

In this case, the Court has the same doubts about the Government's standing to move to quash the Defendant's subpoenas of KPD employees. However, until the question of standing is definitively resolved, the Court will, as it has in the past, proceed with an analysis of the merits of the Government's motion.

**B.     The merits of the Government's motion to quash**

*(1) Relevance and Privilege*

The Government contends that the challenged subpoenas seek testimony and materials that are not relevant to the case at hand. It maintains that Officer Jinks did not participate in the investigation of the Defendant's case and has no knowledge of or information about the Defendant's alleged sale of guns to Mr. Sean Charles. The Government also characterizes the "informant files" requested by the Defendant as confidential and inadmissible. Finally, it asserts that it will call Mr. Charles as a witness at trial and will provide the Defendant with any exculpatory or impeachment material relating to Mr. Charles before trial. In response, the Defendant states that he does not seek Officer Jinks's testimony because it will relate to the investigation of the case against him. Instead, the Defendant asserts that Officer Jinks has information relevant to the potential bias of Mr. Charles. The Defendant does not specifically address the use to which he intends to put the "informant files" sought from the KPD Custodian of Records. Presumably, the Defendant believes that the files also contain information relevant to Mr. Charles's potential bias.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact

4

that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Generally, relevant evidence is admissible at trial unless the Constitution, a statute, or a rule provides otherwise.  Fed. R. Evid. 402.  Finally, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

With regard to Officer Jinks, the Court has no information about what the substance of his testimony will be.  Thus, the Court cannot make a pretrial determination of its relevance as impeachment evidence or as evidence of any bias on the part of Mr. Charles.  The relevance and admissibility of Officer Jinks' testimony will have to be assessed by the District Court within the context of the trial.

With regard to the materials sought from the records custodian, it appears that the Defendant seeks to use them to impeach Mr. Charles, whom the Government intends to call at trial, and/or to show or imply that Mr. Charles is a biased witness.  A party may attack the credibility of a witness by presenting evidence of his reputation for untruthfulness.  See Fed. R. Evid. 608(a)(1).  The party may not, however, use extrinsic evidence of specific instances of the witness's prior conduct, other than a criminal conviction, to attack the witness's character for truthfulness.  Fed. R. Evid. 608(b). Under this rule, it would appear that whatever information the records custodian has about Mr. Charles, other than information about any criminal convictions or information regarding his involvement in the charged conduct, would be inadmissible extrinsic evidence of specific instances of Mr. Charles's prior conduct.  Nevertheless, the Court cannot make this determination without more specific knowledge of the evidence the Defendant seeks to present.  Again, the District Court,

5

when presented with the materials from the records custodian, will be in the best position to determine their relevance and admissibility within the context of the trial.

Finally, the Government mentions the confidentiality of certain "informant files" relating to Mr. Charles. With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> "What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Roviaro v. United States, 353 U.S. 53, 59 (1957) (citations omitted).

In the present case, the Government has already disclosed the identity of Mr. Charles. Thus, it does not appear to the Court that the informer's privilege provides any protection to the information contained in the subpoenaed files. Moreover, the Government makes no specific arguments regarding the confidentiality or privileged nature of the informant files.

In sum, there is no basis for finding at this time that the subpoenaed testimony and materials are irrelevant or privileged. The Court cannot find that the subpoenas are so flawed that compliance with them would be unreasonable or oppressive. See Fed. R. Crim. P. 17(c)(2).

*(2) Violation of Federal Rule of Criminal Procedure 16*

The Government next argues, in essence, that the Defendant is attempting to get around the rules for discovery, provided in Rule 16, Fed. R. Crim. P., by requesting information from the KPD via subpoena that he could not get in discovery. While the Government is correct that there

6

is no constitutional right to discovery in a non-capital criminal case, <u>Weatherford v. Bursey</u>, 429 U.S. 545, 559 (1977), a Defendant does enjoy the constitutional right to compulsory process of witnesses for trial. <u>See</u> U.S. Const. amend. VI. Rule 16 governs the disclosure of information by the parties to each other *before* trial. It does not speak to the admissibility of evidence *at* trial. <u>C.f. Palermo v. U.S.</u>, 360 U.S. 343, 354 (1959) (holding that the Jencks Act "governs the production of documents; it does not purport to affect or modify the rules of evidence regarding admissibility and use of statements once produced"). Accordingly, the Court finds that the Government's arguments regarding Rule 16 are inapposite to the question of whether the subpoenas should be quashed.

*(3) Violation of Federal Rule of Criminal Procedure 17(c)*

Finally, and most strenuously, the Government argues that the Defendant's subpoenas violate Rule 17(c), Fed. R. Crim. P., because they seek the production at trial of evidence that is not admissible. The Government unpersuasively relies upon the case law from the Court of Appeals for the Sixth Circuit governing the use of Rule 17(c) subpoenas for production of designated materials *before* trial. <u>See</u> <u>United States v. Nixon</u>, 418 U.S. 683, 699 (1974); <u>United States v. Hughes</u>, 895 F.2d 1135, 1146 (6th Cir. 1990); <u>see also</u> <u>United States v. Michael Vassar</u>, 2:05-CR-75, [Doc. 184 at 2-3] (stating that material usable for impeachment "would likely not ever be producible *before* trial under Rule 17(c)" because it "does not become evidentiary until the witness has testified at trial" (emphasis added)). As a general rule, 17(c) provides that "[a] subpoena may order the witness to produce *any* books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1) (emphasis added). The Court of Appeals for the Sixth Circuit has held that the issuance of a subpoena under Rule 17(c) that directs production of records *at* trial, rather than *before*

7

trial, was appropriate. Justice, 14 F. App'x at 433. Moreover, when affirming the district court's decision to quash a criminal defendant's Rule 17(c) subpoenas directing the *pretrial* production of documents in Vassar[1], the Court of Appeals noted that quashing the subpoenas in no way restricted the defendant's "use of compulsory process to obtain witnesses or documents for presentation *at trial*[.]" United States v. Vassar, No. 07-5299, 2009 WL 2959290, at *7 (6th Cir. Sept. 16, 2009) (emphasis added). Accordingly, the Court finds that the factors governing the propriety of the issuance of a Rule 17(c) subpoena duces tecum for *pretrial* production of documents do not inform the Court's analysis of whether subpoenas directing appearance and production of documents *at trial* should be quashed.

## CONCLUSION

The Government has failed to show that the Defendant's subpoenas of Officer Jinks and the KPD records custodian are unreasonable or oppressive. See Fed. R. Crim. P. 17(c)(2). Accordingly, the Government's Motion to Quash Subpoenas [**Doc. 25**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

　　s/ H. Bruce Guyton　　
United States Magistrate Judge

---

[1] The Government cites Vassar in its motion as support for the proposition that subpoenas duces tecum cannot be used to obtain impeachment evidence. The Court finds that this reliance is misplaced because the holding in Vassar is limited to restricting the use of subpoenas duces tecum to obtain documents and materials from witnesses in advance of trial.

8